#### IN

# THE SUPREME COURT

#### OF

# THE STATE OF LOUISIANA.

---

### EASTERN DISTRICT, JULY TERM, 1826.

---

### *ARMOR* vs. *COCKBURN & AL.*

APPEAL from the parish court of the parish and city of New-Orleans.

PORTER, J., delivered the opinion of the court. This suit commenced by attachment. It presents two questions for decision:

The first is, whether the intervening creditors have made proof of the debt due to them.

We think they have. The record shows the acknowledgment of the debtor, and *that* is *prima facie* proof in a contest between creditors, where the former has not become insolvent. The answers of the garnishees corroborate this acknowledgment.

The second is, whether on the following facts the intervenors or the plaintiff have the best right to the property attached.

The defendant, it appears, was indebted to both; he shipped twenty-five bales of cotton in Alabama, and delivered it to one Mason, with directions to sell the same on his arrival in New-Orleans, and pay the proceeds to Banks, Miller & Kincaid, the intervening creditors, to extinguish, as far as they would go, a debt he owed them. The cotton, on its arrival, was placed in the hands of the intervenors, as agents for the said Mason. Before service of the attachment, he informed them, that he had received the cotton from Cockburn, on the conditions already expressed; and that, in conformity with these instructions, he would pay over the proceeds to them; to which they assented. The cotton was not sold until after the attachment was levied.

We think, that after the promise made to the interpleaders, and accepted by them, the cotton could not be attached. We cannot distinguish the case from that of *Gray* vs. *Trafton*, and we have never had occasion to doubt the soundness of the principle on which

that cause was decided. The true test in such cases is this, that where the owner of the property has lost all power over it, and cannot change its destination, the creditors cannot attach; the converse of the rule being, that whenever the proprietor may sell and deliver, the creditor can seize. In this case that power was gone. After the person, in whose hands the cotton was placed, promised to pay the intervening creditors, he became personally resposible to them; and the owner could not, by a change of determination, have compelled him to pay the money to any other person. The argument constituted what is called a *stipulation pour autrui*, and once accepted, by those for whose benefit it was made, it could not be revoked. *Civil Code*, 1884 ; 12 *Martin*, 702.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Peirce* for the plaintiff, *M·Caleb & Byrnes* for the defendants.